ART METAL WORKS, Inc., v. ABRAHAM &
STRAUS, Inc.*

No. 370.

Circuit Court of Appeals, Second Circuit.
Aug. 23, 1932.

Ward, Crosby & Neal, of New York City
(S. M. Ward, Jr., K. S. Neal, and P. S.
Haselton, all of New York City, of counsel),
for appellant.

Janney, Blair & Curtis, of New York
City, Robert S. Blair and William T. Knies-
ner, both of New York City, of counsel), for
appellee.

Before MANTON, SWAN, and AUGUS-
TUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit for the infringement by the
defendant of United States patent No. 1,-
673,727, issued to Louis V. Aronson. The
claims in issue were 2, 7, 12, 13, and 14. The
District Court held that claims 2, 7, 13, and
14 were valid and infringed by the defendant
in the sale of cigar lighters known as the
"Evans Automatic," but that claim 12 was
not infringed. It also held that claims 7,
13, and 14 were not infringed by the defend-
ant in the sale of cigar lighters known as the
"Evans Roller Bearing" lighters. These
were the only claims relied on in respect to

*For opinion granting motion to amend answer, see 62 F.(2d) 79.

this latter device. The complainant appeals
from so much of the decree as denies relief
for infringement of claim 12 in the sale by
the defendant of "Evans Automatic" lighters
and from so much as denies relief for in-
fringement of claims 7, 13, and 14 in the sale
of "Evans Roller Bearing" lighters.

The patent states that the invention re-
lates "to cigar pocket lighters or the like and
has as an object the provisions of an exceed-
ingly simple, efficient, and convenient form
of lighter having means to ignite a wick by
means of a shower of sparks." The inven-
tion consists of an ingenious combination of
well-known elements in such a way as to make
a useful commercial device.

The lighter mechanism comprises a fuel
receptacle which is flat or elongated in hori-
zontal cross section on the top of which the
working parts are mounted. They are
mounted in a certain order, namely, the wick
with its snuffer cap is at one end of the up-
per part of the receptacle, in the center is a
rotatable wheel, which the patent calls an
abradant wheel, and to the right of that is a
finger piece which is used by the operator to
effect the desired result of lighting the wick,
which is under the snuffer cap and extends
down into the fuel receptacle. The abradant
wheel is so arranged that it rotates in one di-
rection only, which means that the sparks as
generated are projected toward the wick.
This arrangement of the three main parts of
the device, namely, the wick with its snuffer
cap, the wheel, and the finger piece, was called
by Mr. Hammer (complainant's expert) "a
one, two, three arrangement." The wick and
its flame are far removed from the thumb so
as to avoid possibility of burns when strik-
ing a light, and the construction is so thin and
flat as to be adapted to be carried in the
pocket. Moreover, the device has no cover
or lid, and yet the parts are so arranged that
there is no likelihood of their being caught in
the clothing. The moment the finger piece is
released, a spring forces it up, the snuffer is
replaced, and the wick covered automatically.

Devices which have been marketed by the
complainant under the patent have had a
large commercial success. While this suc-
cess has been substantially promoted by ad-
vertising, there is little doubt that the pat-
entee has devised a lighter that excels in com-
pactness and convenience and has made val-
uable and meritorious contribution to an old
art.

The court below sustained the claims that
were put in issue, with the exception of claim
12, which it did not pass upon. As we have

already said, it held claims 2, 7, 13, and 14 valid and infringed by the defendant in the sale of what is known as the "Evans Automatic Lighter." While the validity of the claims in issue, other than claim 12, is not directly involved here because the defendant has not appealed from the interlocutory decree, validity is important as bearing upon the question raised by the complainant's appeal because the latter not only insists that claim 12 is valid and infringed by the automatic lighter, but that claims 7, 13, and 14 should have been held infringed by defendant's "Roller Bearing Lighter," while defendant insists that these claims are not only not infringed by this lighter, but are themselves void for lack of invention.

Upon the issue of validity the defendant relies principally on the Austrian patent No. 86,979 (1922) to Hauzenberger, the British patent No. 10,260 (1910) to Bergmann, the United States patents No. 1,018,763 to Von Horvath and No. 1,086,175 to Hofmann, and the alleged Lagerholm prior invention.

We may say at the outset that Lagerholm's device alleged to have been made in 1925 lay dormant for about three years, and that no application for a patent on it was filed during that period and until after complainant had begun to put its cigar lighter on the market. Moreover, the oral testimony as to an experimental model made in 1925 was accompanied by no documentary proof tending to establish the date of its construction. In such circumstances the defendant has not supported its burden, and the alleged Lagerholm invention can be awarded no priority.

The Hauzenberger patent does not show the "one, two, three" arrangement of the main operating parts. The finger piece is along the side of the lighter instead of on top; the pressure of the lateral wall with the long spring along the receptacle involves a loss of space and lack of compactness. The patent does not show the wick, the abradant wheel, and the thumb piece elongated in a row on top of the fuel receptacle, but, on the contrary, discloses a large cap embracing all the operating members.

The British patent to Bergmann shows a large cylindrical telescopic shell inclosing the entire space above the receptacle. This wick and the abradant wheel are thus boxed in instead of being on top of the fuel receptacle, and there is nothing which may be reasonably called a finger piece within the meaning of the patent in suit.

The Von Horvath and Hofmann patents likewise have caps encasing the whole top of the receptacle. Moreover they are opened by a spring and closed by hand instead of opened by hand and closed by a spring as in the patent in suit. In other words, they lack the useful and convenient automatic feature and have no finger piece. In the German Gebrauchsmuster No. 844,296, also relied on by the defendant, the finger piece is not located on top of the receptacle, and in the German patent No. 293,705 (1915) to Kellerman, there is no spring tending to force the finger piece upward, and the closure is not automatic, because the snuffer must be closed manually. Moreover, the Kellerman device obviously was capable of no such quick snap operation as that of the patent in suit.

Aronson made an advance over the prior development of cigar lighters by his arrangement of operating parts, so that the wick was at the side furthest away from the finger of the operator; the snuffer, abradant wheel, and thumb piece were on the top of the receptacle; all three were free from a cumbersome outer housing and the manual actuation of snuffer and abradant wheel by the finger piece through gears enabled the operator to obtain just the shower of sparks he might require at the moment. The Austrian patent to Hauzenberger was probably the nearest approach to Aronson's invention, but Hauzenberger's lighter and the others we have mentioned all lacked in some respects the convenient arrangement of parts which seems to have made Aronson's lighter a success.

We think claims 7, 13, and 14 of the patent were properly held valid by the court below, and that claim 12 is also valid.

Apparently the trial judge did not pass on the validity of claim 12 because he found that claim the only one of those in issue that was so limited as not to be infringed by the "Evans Automatic Lighter." In his opinion, after observing that the defendant sought to avoid infringement because the "Automatic Lighter" did not operate snuffer and abradant wheel directly but operated only the snuffer, while the wheel in turn was operated by the snuffer, the judge went on to observe: "I cannot believe that such difference spells a successful evasion of the claims." In spite of this personal view, he nevertheless held claim 12 not infringed because of proceedings in the Patent Office, resulting in the rejection or amendment of other claims. We cannot regard acquiescence in the rejection of claim 15 and arguments of counsel made during the prosecution of that claim as affecting claim 12. The amendment of claim

13 during its progress through the Patent Office likewise can have no relevancy in construing claim 12. Claim 13 does not indicate that the finger piece shall operate the wheel and snuffer directly, but provides in the most general way for "means including gear means operated by the finger piece and acting to operate both the snuffer and the wheel." We cannot see how the addition to claim 13 by way of amendment of the words quoted can be thought to invalidate claim 12 or so to narrow it that it shall be allowed no equivalents. The further argument is made that the "Automatic Lighter" does not infringe claim 12 because it has a one-piece gear member instead of the two-piece gearing of the patent, but claim 12 only calls for "means whereby the movement of said finger piece is transmitted" and not for a direct operation by the finger piece of both snuffer and wheel. In view of the foregoing, infringement of claim 12 by the "Automatic Lighter" seems clear.

 Claim 13 is infringed by Evans "Roller Bearing Lighter," as well as by "Automatic." The "gear means" in claim 13 is not limited to any particular form of gearing by any action in the Patent Office. Nowhere in the file wrapper is there anything to show that "gear means" was inserted in the claim to limit it to the ordinary type of rack and gear connection. Deitel v. Unique Specialty Corporation (C. C. A.) 54 F.(2d) 359, at page 360. The principal defense to the infringement by the "Roller Bearing Lighter" is that the pin and slot arrangement is not the fair equivalent of the gear and rack of the patent drawings and specification. But the pin and slot arrangement produces the same result as a rack and gear by means mechanically so similar that we believe the pin and slot are an obvious equivalent and come fairly within the scope of the invention. Undoubtedly in the "Roller Bearing Lighter" the motive power is transmitted from the finger piece to the wheel and snuffer by a somewhat different mechanism from that shown in the patent, but so slight a difference ought not to defeat an invention of some merit. The pin employed in the "Roller Bearing Lighter" is in substance and effect a rack with but one tooth, and the slot in which it engages amounts to a gear. If one or two teeth had been added to the finger piece and to the lever carrying the snuffer, there could be no question that not only claim 13, but also claims 7 and 14, would be infringed. We think so close a physical and mechanical approximation to the claims of the patent as is found in the "Roller Bear-ing Lighter" is an infringement of all three claims. Even the element "a rack on the finger piece" of claims 7 and 14 is covered by the construction. McMichael & Wildman Mfg. Co. v. Ruth (C. C. A.) 128 F. 706.

The interlocutory decree is modified so as to adjudge that claim 12 is infringed by Evans "Automatic Lighter" and claims 7, 13, and 14 are infringed by Evans "Roller Bearing Lighter," and to grant the usual injunction and accounting. Costs are awarded to complainant.