## ART METAL WORKS, Inc., v. ABRAHAM & STRAUS, Inc.

### No. 293.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

See, also, 2 F. Supp. 677.

Ward, Crosby & Neal, of New York City (Kenneth S. Neal, Joshua Ward, and S. Mortimer Ward, Jr., all of New York City, of counsel), for appellant.

William T. Kniesner, of New York City (Robert S. Blair, William T. Kniesner, and Milton C. Weisman, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The patent in suit, No. 1,673,727, for a cigar lighter, was held valid and infringed by the Evans automatic lighter and the Evans roller bearing lighter by this court, Art Metal Works, Inc., v. Abraham & Straus, Inc., 61 F.(2d) 122. These lighters were manufactured for the appellee by the Evans Case Company, the appellee selling to the retail trade. The Evans Case Company is openly defending this suit.

The present lighter, claimed to be an infringement, is called the Trig-a-lite. In charging infringement, the appellant says that the Trig-a-lite is similar in construction and operation to the roller bearing lighter held to infringe in our former decision. In that decision, in holding the patent valid, we said:

"The patent states that the invention relates 'to cigar pocket lighters or the like and has as an object the provisions of an exceedingly simple, efficient, and convenient form of lighter having means to ignite a wick by means of a shower of sparks.' The invention consists of an ingenious combination of well-known elements in such a way as to make a useful commercial device.

"The lighter mechanism comprises a fuel receptacle which is flat or elongated in horizontal cross section on the top of which the working parts are mounted. They are mounted in a certain order, namely, the wick with its snuffer cap is at one end of the upper part of the receptacle, in the center is a rotatable wheel, which the patent calls an abradant wheel, and to the right of that is a finger piece which is used by the operator to effect the desired result of lighting the wick, which is under the snuffer cap and extends down into the fuel receptacle. The abradant wheel is so arranged that it rotates in one direction only, which means that the sparks as generated are projected toward the wick. This arrangement of the three main parts of the device, namely, the wick with its snuffer cap, the wheel, and the finger piece, was called by Mr. Hammer (complainant's expert) 'a one, two, three arrangement.' The wick and its flame are far removed from the thumb so as to avoid possibility of burns when striking a light, and the construction is so thin and flat as to be adapted to be carried in the pocket. * * * The moment the finger piece is released, a spring forces it up,

the snuffer is replaced, and the wick covered automatically."

We held that in the roller bearing lighter the pin and slot arrangement was a gear; in effect, saying that, if it had two or three pins in two or three slots, it would have been a gear. In the patent in suit, the pushing down of the finger piece causes the rack teeth to drive the snuffer gear and flip the snuffer upwardly and the pawl driving gear to cause unidirectional rotation of the abradant wheel.

In the Trig-a-lite, the pin and slot combination of the roller bearing device has been eliminated. The actuation of the parts is brought about by a combination of the finger piece in the form of a lever which is pivoted about the axis upon which the abradant wheel is mounted. In the upper position, the finger piece is pressed by a spring, the snuffer is mounted upon a horizontal lever pivoted about an axis. Coiled about this axis is a spring, one end of which projects to the left and bears on the bottom side of the snuffer lever. The other end of the spring extends to the right and bears under a portion of the finger piece. A pawl, pivoted and provided with a spring, causes the pawl to rotate counter clockwise; notches in the pawl are of such shape and size as enable them to lock around the pivot. The manual pressure on the finger piece is used to tension the spring coiled around the axis; that is, the whole spring is tensioned. This pressure is started in the spring without regard to the speed at which the finger is depressed. The rate at which the abradant wheel and the snuffer move is independent of the rate at which the finger is depressed but is dependent upon the strength of the spring. A notch of the pawl holds the snuffer lever down when the finger is pressed so that the spring is tensioned until the end of the downward movement and is unlatched by the finger piece which causes the spring to throw up the snuffer lever until the other notch in the pawl contacts with the shaft on which the abradant wheel is mounted. Thus the snuffer lever cannot be forced up further by the spring. This method of operation differs from both the patent in suit and the roller bearing device. Indeed, the appellant and its expert distinguished between manual pressure actuation of the patent in suit and the spring actuation of the prior art patents. Our decision heretofore was influenced by appellant's claim thus made.

As to the patent in suit, it was stated to be a device in which spark production is a function of thumb pressure rather than the consequence of definitely and therefore limited spring pressure. In asserting its present claims, the appellant cannot now wipe out this distinction.

The different mode of operation between the finger piece and the spark wheel in the patent in suit and in the Trig-a-lite is illustrated by the dependence of the movement of the finger piece and the spark wheel of the patent in suit and the independence of the speed of movement of the surface of the abradant wheel with the speed movement of the finger piece of the Trig-a-lite. This results from a difference in structure. The quicker the work is done, it is said, the quicker the heat and therefore the greater supply of sparks. There is a quicker movement in the wheel of the Trig-a-lite than in the ordinary use of the parts made under the patent in suit.

The Trig-a-lite does not have a gear as the patent in suit claims and has been held by us to have been present in the roller bearing lighter, and, as pointed out, it is of different construction. The Trig-a-lite is a spring actuated device. The patent is not infringed. We need not consider the argument in the present case that the patent is invalid because of additional prior art submitted. It is sufficient to say that the decree below was right on the ground of noninfringement.

Decree affirmed.