**ART METAL WORKS, Inc., v. ABRAHAM & STRAUS, Inc.**

**No. I.**

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1939.

Writ of Certiorari Denied Dec. 11, 1939. See 60 S.Ct. 293, 84 L.Ed. ——.

L. HAND, Circuit Judge, dissenting.

———◆———

Ward, Crosby & Neal, of New York City (Kenneth S. Neal and Joseph Lorenz, both of New York City, of counsel), for complainant-appellant.

Haaren & Barrett, of New York City (David S. Kane, of New York City, of counsel), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This suit for infringement by the defendant of Claims Nos. 7, 13 and 14 of U. S. Patent No. 1,673,727 to one Aronson through the sale of a cigar lighter known as "Trig-a-lite" came before this court in 1934. Upon that appeal a decree of the District Court dismissing the suit for noninfringement was affirmed on the ground that "Trig-a-lite" was a spring actuated device that did not come within the element of the claims which called for a "rack and gear" or "gear means". Art Metal Works v. Abraham & Straus, 2 Cir., 70 F.2d 639. We have since sustained a petition for review and the cause again comes before us for a rehearing upon the original record.

The Aronson patent also came before this court in a prior suit between the same parties in which Claims 7, 13 and 14 were held valid and infringed by a lighter known as "Roller Bearing." Art Metal Works v. Abraham & Straus, 2 Cir., 61 F.2d 122. It is argued on behalf of the appellant in the present suit that the "Trig-a-lite" lighter so closely resembles "Roller Bearing" that it falls within the claims and should have been held to infringe on the reasoning and authority of the decision in the prior suit. We think that the decree there is essentially res judicata as to the validity of the claims.

It is argued that the Wolf German Patent No. 221,577, which was not before the court in the prior suit, anticipates Aronson. But this is not so, for the Wolf Patent shows a large cap which is a part of the receptacle. This cap forms a cumbersome outer housing. The lighter has a telescopic shell instead of a finger piece and is little nearer to Aronson than was the British Patent to Bergmann or the Austrian Patent to Hauzenberger which we held in our first

opinion did not anticipate the Aronson lighter or deprive it of validity.

The claims read as follows:

"7. A lighter having in combination a receptacle, an abradant wheel journalled on top of the receptacle, a pyrophoric member, means including a spring projecting said pyrophoric member into engagement with said wheel, a wick extending into said receptacle and projecting from the top thereof on one side of the wheel, a finger piece located on the other side of said wheel, said finger piece being adapted to be pressed downwardly, a spring tending to force said finger piece upwardly, a snuffer for said wick, and means whereby upon pressing said finger piece downwardly said wheel is rotated by manual pressure to ignite the wick and said snuffer is removed from the wick, said last mentioned means comprising a rack on the finger piece and a gear operated thereby, and pawl and ratchet means whereby the wheel is operated by the gear."

"13. A lighter having in combination a receptacle, said receptacle being elongated in horizontal cross-section, an abradant wheel centrally disposed over the top of said receptacle and journalled about a horizontal axis, a wick projecting from the top of the receptacle on one side of the wheel, a snuffer for the wick, a finger piece on the opposite side of the wheel from the wick, said finger piece being mounted independently of the snuffer, and means whereby operation of said finger piece will operate the wheel and snuffer by manual pressure, said last mentioned means including gear means operated by the finger piece and acting to operate both the snuffer and the wheel."

"14. A lighter having in combination a receptacle, an abradant wheel journaled on top of said receptacle, a pyrophoric member, means projecting said pyrophoric member upwardly from the top of said receptacle into engagement with said wheel, a wick extending into said receptacle and projecting from the top thereof on one side of the wheel, a finger piece carried on top of the receptacle and adapted to be pressed downwardly, a spring tending to force said finger piece upwardly, a snuffer for said wick, and means whereby upon pressing said finger piece downwardly said wheel is rotated by manual pressure to ignite the wick and said snuffer is removed from the wick, said last mentioned means compris-

ing a rack on the finger piece and a gear member operated thereby."

In our original opinion describing the patented device and holding the above claims infringed by the Roller Bearing lighters sold by the defendant we said (61 F.2d 122):

"The lighter mechanism comprises a fuel receptacle which is flat or elongated in horizontal cross section on the top of which the working parts are mounted. They are mounted in a certain order, namely, the wick with its snuffer cap is at one end of the upper part of the receptacle, in the center is a rotatable wheel, which the patent calls an abradant wheel, and to the right of that is a finger piece which is used by the operator to effect the desired result of lighting the wick, which is under the snuffer cap and extends down into the fuel receptacle. The abradant wheel is so arranged that it rotates in one direction only, which means that the sparks as generated are projected toward the wick. This arrangement of the three main parts of the device, namely, the wick with its snuffer cap, the wheel, and the finger piece, was called by Mr. Hammer (complainant's expert) 'a one, two, three arrangement.' The wick and its flame are far removed from the thumb so as to avoid possibility of burns when striking a light, and the construction is so thin and flat as to be adapted to be carried in the pocket. Moreover, the device has no cover or lid, and yet the parts are so arranged that there is no likelihood of their being caught in the clothing. The moment the finger piece is released, a spring forces it up, the snuffer is replaced, and the wick covered automatically.

* * *

"Aronson made an advance over the prior development of cigar lighters by his arrangement of operating parts, so that the wick was at the side furthest away from the finger of the operator; the snuffer, abradant wheel, and thumb piece were on the top of the receptacle; all three were free from a cumbersome outer housing and the manual actuation of snuffer and abradant wheel by the finger piece through gears enabled the operator to obtain just the shower of sparks he might require at the moment."

We also said in the original opinion that in the "Roller Bearing" lighter the pin employed is: "in substance and effect a rack with but one tooth, and the slot in which it engages amounts to a gear. If one or

two teeth had been added to the finger piece and to the lever carrying the snuffer, there could be no question that not only claim 13, but also claims 7 and 14, would be infringed. We think so close a physical and mechanical approximation to the claims of the patent as is found in the 'Roller Bearing Lighter' is an infringement of all three claims. Even the element 'a rack on the finger piece' of claims 7 and 14 is covered by the construction. McMichael & Wildman Mfg. Co. v. Ruth (C.C.A.) 128 F. 706."

In the former opinion in the present suit (70 F.2d 639, 640) it is said that "the pin and slot combination of the roller bearing device has been eliminated" in the "Trig-a-lite" lighter. The writer adds: "The manual pressure on the finger piece is used to tension the spring coiled around the axis; that is, the whole spring is tensioned. This pressure is started in the spring without regard to the speed at which the finger is depressed. The rate at which the abradant wheel and the snuffer move is independent of the rate at which the finger is depressed but is dependent upon the strength of the spring. A notch of the pawl holds the snuffer lever down when the finger is pressed so that the spring is tensioned until the end of the downward movement and is unlatched by the finger piece which causes the spring to throw up the snuffer lever until the other notch in the pawl contacts with the shaft on which the abradant wheel is mounted. Thus the snuffer lever cannot be forced up further by the spring. This method of operation differs from both the patent in suit and the roller bearer device."

The defendant argues that the critical distinction between the "Trig-a-lite" and "Roller Bearing" lighters is that in the former the finger piece upon being pressed down does not rotate the wheel "by manual pressure to ignite the wick", as called for by claim 7, and that on the contrary the wheel is rotated by the stored up energy of the coiled spring. Rotation by manual pressure is also called for in Claims 13 and 14.

■ We do not regard this difference as sufficient to enable the defendant to escape infringement of the claims. The spring is placed in series with what is as fully a rack and gear as the mechanism in Roller Bearing, which we held to be such in Art Metal Works v. Abraham & Straus, 2 Cir., 61 F.2d 122. A pin attached to the finger piece serves to trip a latch which brings the spring into action that finally operates the abradant wheel and produces the spark. It is true that in "Trig-a-lite" the movement of the wheel is more speedy and constant than in "Roller Bearing" and is not finally controlled by manual pressure. But even if the mechanism that produces the spark in "Trig-a-lite" is mechanically different from that in "Roller Bearing" the difference consists merely in the addition of a latch to effect a release of the stored up energy of the spring. This simple addition of a spring and latch involves such a ready evasion of the gear means indicated by the patent as to deprive the invention of all security. Even though in view of the prior art the patent be a narrow one it ought not to be so limited in equivalents as to render the invention practically worthless. In all these claims the manual pressure starts the movement finally resulting in the rotation of the abradant wheel and the raising of the snuffer so that the results are practically identical and the means are obvious equivalents.

It is further argued that in view of the patent to Gebhardt the complainant is not entitled to treat the operation of the spring with its stored energy as equivalent to that of gears. But the patent to Gebhardt has swinging side walls like the Austrian patent to Hauzenberger which we held in our original opinion was insufficient to deprive the patent in suit of validity. It is true that Gebhardt had a spring to rotate the abradant wheel and to produce the spark. But the spring was employed in a lighter unlike the Aronson device in arrangement and having no such convenient assemblage of parts.

As we view it Gebhardt and Hauzenberger were operated by side pressure and Bergmann and Wolf by pressure on telescopic shells. It is true that by selection from the prior art we may find the various elements appearing in the "Trig-a-lite" lighter. That may be done in most patents for a combination of elements, but it seems to us that the manufacturer of "Trig-a-lite" more closely imitated the structure of Aronson than the devices shown in the prior art. If the defendant wished to escape infringement it could do so by adopting the prior art, but instead of doing this it preferred to avail itself of the substance of the Aronson invention.

■ The contention that the testimony of Mr. Hammer was inconsistent in itself and

with complainant's position and also that the defendant is estopped to raise the defense of res judicata is of no merit. The positions taken by experts and counsel upon the trial cannot control the law of the case.

■ Decree reversed with directions to enter a decree for the complainant holding Claims 7, 13 and 14 valid and infringed with the usual reference as to damages.

L. HAND, Circuit Judge (dissenting).

I agree that our decision in the "Roller-Bearing" case is res judicata as to the validity of the claims in suit; I also agree that if the "Trig-a-lite" lighter is not an infringement, the patent is worth very little. Nevertheless it seems to me that it is not, as I thought before. Verbally, there can be no doubt. Claim seven requires the means which rotate the abradant wheel to comprise a "rack", and a "gear" operated by the "rack", together with a pawl and ratchet by which the gear operates the abradant wheel. In the "Roller-Bearing" case we held that the end of the finger-piece was a "rack", and so we can regard it here. We also held that the two jaws on the end of the snuffer were a "gear". We could do that here too, if the lower jaw were fixed to the upper. Indeed, had there been no catch, the operation would have been exactly like the "Roller-Bearing" "gear". The catch, however, entirely changed this operation and prevented it from being a "gear" at all. Mechanically, the meaning of that combination is that the "rack" operates the "gear" because they solidly enmesh; they must do so. That is exactly what does not happen in the "Trig-a-lite" lighter. When the "rack" moves, it does not move the "gear", because its movement is taken up by the movement of the spring. This goes on until the end of the "rack's" movement which trips the latch and brings down the end of the snuffer through the stored energy of the spring. If words mean anything, the words of claim seven are therefore not fulfilled, and that applies equally as to claims thirteen and fourteen.

The same is true of the other element, "manual pressure", though it cannot be quite so clearly demonstrated. In claim seven the phrase is: "upon pressing said finger-piece downwardly said wheel is rotated by manual pressure". That can only mean, I submit, that the wheel is rotated by the finger-piece as the finger-piece is pressed down. Again, that is just what does not happen in the Trig-a-lite lighter. This is not true in claims thirteen and fourteen which only require that the snuffer and the wheel shall be operated by "manual pressure". Conceivably, it is permissible to speak of an element's being operated by "manual pressure", when all one means is that the eventual source of energy is in the hand, but surely it is extremely far-fetched if we only mean that the original energy has been manual. Moreover, if we should say that, Gebhardt had a "manual pressure" device to operate his abradant wheel, though not, it is true, his snuffer; he stored up enough energy in the spring to spin the wheel when tripped, like the "Trig-a-lite" lighter. But if that was "manual pressure", Gebhardt would anticipate claim thirteen because Gebhardt's snuffer was certainly operated by "manual pressure" and the claim does not require the finger-piece to be "on top", like claim fourteen. That would leave nothing in claim fourteen for invention except that the finger-piece was "on top"; hardly enough, I should think.

The fact that the claims do not read verbally on the infringement is of course not final; the answer depends upon how far the patent is entitled to equivalents. That is a troublesome question. The art pressed hard around it; Hauzenberger and Aronson would have been the same so far as I can see, had the pressure been "on top" of the lighter instead of at the side of it, and Wolf had his thumb piece on top; in his lighter the 1, 2, 3, relation clearly existed. The patent at best was therefore a very narrow one, and succeeded as it did probably because the other forms had not been sufficiently exploited. The case is a close one, and possibly I might originally have come to the opposite conclusion, but I am disposed still to agree with Judge Galston, and to think that the defendant has managed to escape the claims.