## LACLEDE STEEL CO. v. CAMP.

### No. 11813.

Circuit Court of Appeals, Eighth Circuit.

June 12, 1941.

Rehearing Denied July 23, 1941.

See, also, D.C., 34 F.Supp. 963.

Edwin E. Huffman, of St. Louis, Mo. (Milton H. Tucker, of St. Louis, Mo., on the brief), for appellant.

K. Wilson Corder, of Atlanta, Ga., and John H. Cassidy, of St. Louis, Mo. (Robert B. Troutman, of Atlanta, Ga., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from a decree determining infringement by appellant of claims 5–13, inclusive, of Camp patent No. 1,793,-673, covering a "resilient traffic guard" for highways.

The main matters presented here are invalidity or limitation of the patent and the matter of infringement.

### I. Validity and Limitation of Claims.

The problem which Camp attempted to solve was to construct a guard rail along highways which would afford a limited shock-absorbing action upon impact from a heavy moving vehicle leaving the road right of way. This problem was created by modern automotive highway transportation where vehicles are heavy, speed pronounced and a need for protection at curves or exposed points exists. The basic purpose of Camp was to provide a degree of shock-absorbing resistance. His structure sought to accomplish this by using broad bands of steel (which in themselves would have a certain amount of resiliency) attached to connectors having resilient factors which were, in turn, fastened to stationary posts. He contemplated that the effect of such a structure would be to distribute the shock of contact against any member of the structure to all of the guard members—thus utilizing the combined resiliency of the entire length of guard bands and of the connecting spring supports in dissipating the force of the blow. We omit a detailed description of this patent since it can be found in Oates v. Camp, 4 Cir., 83 F.2d 111.

We have carefully considered each of the patents,[1] publications and photographs (of prior constructions) cited by appellant. There is very little in the prior art in this record to suggest either the Camp construction or an understanding of and attempt to solve the problem he considered. The utility of the device is not challenged. It is obviously a pronounced advance in the art. In this situation, the patent is clearly valid and is entitled to a liberal range of equivalents.

In so far as the validity of the patent is concerned all except three (cl. 11, 12 and 13) of the claims here involved have been held valid and entitled to liberal construction by the Fourth Circuit in Oates v. Camp, 83 F.2d 111. The accused device in the Oates case was more nearly the pre-

---

[1] The following patents are cited: Thomas No. 65,025; Sellers No. 126,417; Ruane No. 252,702; Kent No. 273,742; Wildin No. 399,105; Williams No. 503,359; Neff No. 547,858; Jameson No. 550,373; Lawson No. 1,449,518; Van Epps No. 1,493,088; Maudlin No. 1,549,-139; Dennebaum No. 1,600,165; Lookabaugh No. 1,614,795; Alberts No. 1,639,-158; Kyle No. 1,643,123; Gledhill No. 1,643,555; Sommer No. 1,675,144; Banschbach No. 1,698,424.

cise structural revelation of the Camp patent and commercial device than is the device of appellant here. However, the reasoning in the Oates case as to validity and range of equivalents is sound.

## II. Infringement.

Appellant's device is an obvious infringement. The same metal bands are employed for the guard rail. The same continuity, upon impact, is present in the guard rail. The differences urged by appellant are that the helical springs are purely for the purpose and perform only the function of caring for temperature changes in the guard rail and that the post support is vertical instead of horizontal (therefore lacking the spring action of the supports of Camp).

These differences are merely of form. It is obvious that the helical springs of the accused device perform some slight shock-absorption "function". While the post support element, being vertical, does not have the same amount of resiliency as the very similar horizontal support of Camp, yet the reasonable testimony of appellant's expert is positive that there would be a flexure or bending of this support spring sideways toward the point of impact. The result is that in place of the Camp horizontal elliptical spring support, which acts both as a tension-preserving and a shock-absorbing element, appellant splits these combined functions into two elements which perform substantially the same functions.

The judgment should be and is affirmed.