**RONSON PATENTS CORP. v. SPARKLETS DEVICES, Inc. et al.**

**No. 14619.**

United States Court of Appeals
Eighth Circuit.

Feb. 10, 1953.

88

Kenneth S. Neal, New York City (John H. Sutherland, St. Louis Mo., on the brief), for appellant.

Edmund C. Rogers, St. Louis, Mo. (Lawrence C. Kingsland and Estill E. Ezell, St. Louis Mo., on the brief; Kingsland, Rogers & Ezell, St. Louis Mo., of counsel), for appellees.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This action was brought by the Appellant Ronson Patents Corporation (which will be referred to as the plaintiff) against the Sparklets Devices, Inc., charging infringement of claims 12, 13, 14, and 16 of plaintiff's reissue patent No. 19,023 for a "cigar lighter". Brown & Bigelow, which manufactured the accused cigar or cigarette lighter, was granted leave to intervene as a defendant. Both defendants will be referred to as the defendant.

In the court below defendant alleged both invalidity of plaintiff's patent and noninfringement. The trial court held plaintiff's patent valid upon authority of similar holdings of the Court of Appeals for the Second Circuit in Art Metal Works v. Abraham & Straus, 2 Cir., 61 F.2d 122, and Art Metal Works v. Abraham & Straus, 2 Cir., 107 F.2d 940, wherein the same patent was involved. The trial court found, however, that the accused lighter did not infringe plaintiff's patent and dismissed plaintiff's complaint. From the judgment of dismissal this appeal is prosecuted. The issue of the validity of plaintiff's patent is only incidentally and contingently involved.

Plaintiff's lighter is aptly and adequately described in the Art Metal cases and need not be repeated here. As reference to the reported opinions from the Second Circuit will disclose, the plaintiff's lighter uses a lighter fluid, a wick, and an extinguishing cap. The defendant's lighter is described in the trial court's memorandum opinion, Ronson Patents Corp. v. Sparklets Devices, Inc., D.C., 103 F.Supp. 726, 727. As that opinion is not long and contains the findings of fact, for convenience it is incorporated herein as follows:

[Memorandum Opinion of District Court.]
[Filed in U. S. District Court on January 29, 1952.]

"The contest in this patent infringement suit is between a patented 'cigar' ligher owned by plaintiff, alleged to be infringed by a self-contained butane gas 'cigar' lighter distributed by defendant.

"Defendant raises the issue of validity. This question we consider settled by two opinions of the Second Circuit, by Judge Augustus N. Hand, holding the patent of plaintiff valid as early as 1932.[1] Art Metal Works v. Abraham & Straus [2 Cir.], 61 F.2d 122, Id., 107 F.2d 940. This Court is not bound by a Court of Appeals decision if the latter is clearly erroneous. Defendant has a heavy load to carry in undertaking to show as clearly erroneous the rulings of the distinguished Judge of the Court for the Second Circuit. They have stood for twenty years. Defendant's struggle on this issue has been unsuccessful.

"Claims 12, 13, 14 and 16 of plaintiff's patent are at issue in this litigation. The claims are similar. They cover a combination patent, to-wit:

"A lighter having in combination

"(1) a receptacle

"(2) an abradant wheel journalled over the top of the receptacle

"(3) a pyrophoric member

[1] "The patent was extended by Act of Congress for five [seven] years."

"(4) means retaining the pyrophoric member in contact with the wheel

"(5) a wick projecting from the top of the receptacle at one side of the wheel

"(6) a finger piece located over the top of the receptacle, said finger piece being pivoted on an axis spaced from the axis of the wheel and also being adapted to be pressed downwardly

"(7) a spring tending to force said finger piece upwardly

"(8) and means whereby movement of said finger piece is transmitted to said wheel whereby the wheel is operated by manual pressure to ignite the wick

"(9) a snuffer for the wick, said snuffer being journalled on the same axis as the wheel and operated by the finger piece.

"In sustaining plaintiff's patent in 1932, Judge Hand, 61 F.2d 122, 123, said that plaintiff's patent 'made an advance over the prior development of cigar lighters by this arrangement of operating parts, so that the wick was at the side furthest away from the finger of the operator; the snuffer, abradant wheel, and thumb piece were on the top of the receptacle; all three were free from a cumbersome outer housing and the manual actuation of snuffer and abradant wheel by the finger piece through gears enabled the operator to obtain just the shower of sparks he might require at the moment.'

"The issue in this case centers on one of the three features of the combination. Such isolated issue the decisions of the Second Circuit were not concerned with in the slightest, because they were not before the Court for the very good reason that self-contained gas lighters had not then been perfected. So this issue could not even have been contemplated. The feature we refer to is composed of the wick and snuffer cap. See plaintiff's Exhibit A-1.

"What is the apparent difference between the two lighters? The lighter of plaintiff operates by lighting a wick of some absorbent material such as cotton, which carries an inflammable material, such as benzene or alcohol, as fuel from a container to the end of the wick. There it is ignited by sparks from the flint by operation of the abradant wheel. The flame is extinguished by the snuffer cap. The accused device uses butane gas for fuel. The gas, under pressure, is forced into the receptacle part of the lighter from a small gas container, the end of which is screwed into the bottom of the lighter for filling. A gas burner is placed in approximately the same position on the accused device as the wick burner on plaintiff's device. A fuel valve is opened when the finger piece is pressed on the accused device. The finger piece causes an actuating lever to open the gas fuel valve and simultaneously the abradant wheel moving across the flint causes sparks to ignite the gas. The snuffer cap, as plaintiff calls the part on the accused device, will put out the gas flame when used in the ordinary manner but it does not stop the flow of gas. Defendant asserts that the substitution of the gas burner with the actuating lever and use of butane gas is a substantial change from the wick burner and snuffer cap of plaintiff's lighter. This contention, denied by plaintiff, presents the decisive question in this case.

"Plaintiff's position on this issue is summarized in its brief: 'His (plaintiff's) invention is a lighter consisting of an organization of which a burner is a part. Aronson did not make or patent a new kind of burner or calling his burner a wick, he did not make or patent a new kind of wick. Wanting a steady supply of fuel (which had to be in gaseous form to be ignited, *as above noted*) he simply went out to the art and picked out a burner *and he happened to select a wick*. He then used the product of the burner in connection with his fingerpiece, abradant wheel, snuffer and interconnecting parts related and coordinated in a par-

ticular way with respect to each other and with respect to the fuel casing upon which these working parts are mounted.' (Emphasis added.)

"The words 'as above noted' we assume refer to this language in the brief: 'It should be noted that both in the case of the wick burner and the gas burner, it is a combustible mixture of fuel in *gaseous* form and. air, which is thus ignited by the sparks to produce a flame.'

"Do the claims of plaintiff's patent read on the accused structure? With the present position of plaintiff before us, that plaintiff 'wanting a steady supply of fuel (which had to be in gaseous form to be lighted as above noted) he simply went out to the art and picked out a burner and he happened to select a wick', the first paragraph of specifications in plaintiff's patent is interesting. The wick feature of plaintiff's patent appears to have been given more consideration at the time the patent was applied for than plaintiff would now ascribe to it. The first paragraph of the specifications reads:

" 'The invention relates to cigar pocket-lighters or the like and has as an object the provision of an exceed- ingly simple, efficient and convenient form of lighter having means to *ignite a wick* by means of a shower of sparks.' (Emphasis added.)

"Plaintiff charges that Claims 12, 13, 14 and 16 of its patent are infringed by the accused structure. In this connection Claim 1 momentarily arrests our attention. Claim 1 commences with this language: 'A cigar lighter comprising, in combination, a receptacle, a wick tube carrying a wick projecting from said receptacle, * * *'.

"The claims taken as a whole are substantially the same. At the commencement of Claim 1 we find the wick referred to, whereas in Claims 12, 13,

14 and 16 the wick reference has progressed toward the end of the claim. Claim 12 commences 'A lighter having in combination a receptacle', and after describing the mechanism ends 'to ignite the wick, a snuffer for the wick, said snuffer being journalled on the same axis as the wheel and operated by the finger piece'. Claims 13, 14 and 16 are subject to the same analysis. Each claim reads 'to ignite the wick' as the ultimate objective of the parts previously referred to. Reference to the wick in Claims 12, 13, 14 and 16 differs from Claim 1 only in that in Claim 1 the presence of the wick in the patent is more prominent than in Claims 12, 13, 14 and 16.

"Plaintiff does now stress the 'one, two, three' arrangement of operating the parts of its patent, but we cannot escape the conclusion that it is in this case endeavoring at the same time to minimize the place in that 'one, two, three' arrangement the wick and snuffer occupy. In the Second Circuit case upholding the patent of plaintiff, the Court uses these descriptive terms in describing plaintiff's patent (61 F.2d 122): 'This arrangement of the three main parts of the device, namely, the wick with its snuffer cap, the wheel, and the finger piece, was called by Mr. Hammer (complainant's expert) "a one, two, three arrangement." '

"Plaintiff's argument that in designing its patent the originator 'simply went out to the art and picked out a burner and happened to select' a wick, finds no basis in either the specifications or claims. Also, plaintiff's present position that the originator of its patent 'wanting a steady supply of fuel *(which had to be in gaseous form to be ignited)*', is likewise without foundation. The words 'to ignite the wick' appear in each of the claims in issue. The word 'gas' is not found in the patent.[2]

2. "If the writer of plaintiff's patent knew the liquid fuel mixing with air at the end of the wick forms a gas and it is this gas that ignites, the patent does not so indicate. The fuel in plaintiff's patent requires air to ignite. Butane gas does not require air to ignite.

"Claims 12, 13, 14 and 16 do not read verbally on the accused structure. This is not conclusive. The vital question is one of equivalents. How far can plaintiff's patent be extended under the rule? The law is well settled. See Priebe & Sons Co. v. Hunt, 8 Cir., 188 F.2d 880, 883: 'The test of infringement is whether the accused device does substantially the same work in substantially the same way to accomplish the same result by the same or equivalent means and infringement is not to be avoided by a substitution of equivalence whether the equivalent is verbally within the claim or not, * * *.'

"The ultimate purpose and end of both structures—and all lighters for that matter—is production and extinguishing the flame. The art is a crowded one. Early lighters were plagued with failure of the mechanism uniformly and with certainty to produce a flame. It is evident defendant was not intentionally copying plaintiff's patent or seeking to hedge as close as the patent law would permit. The accused lighter was a new and radical departure from plaintiff's lighter in that it used gas instead of liquid fuel.

"It is the plaintiff's position that the accused structure represents an addition to its patented combination. We cannot agree. (See reference above and excerpt from decision of Second Circuit case.) Plaintiff's lighter is a combination patent. One of the basic elements is the wick and snuffer and their operating parts. The language of the patent leads to no other conclusion. Defendant has not added to the combination but has substituted parts necessary to provide a gas burner in place of the wick and use of liquid fuel in plaintiff's device. The wick and snuffer of the plaintiff's lighter is a substantial part of the lighter. The wick itself and its arrangement in plaintiff's lighter is a substantial part of the lighter. Fuel, such as 'benzene or alcohol', is poured into plaintiff's light-

er, through a simple opening, and stored in the portion of the lighter provided for that purpose. Injection of gas into the accused lighter is a complicated process, the gas being obtained from a sealed cylinder by virtue of a complicated mechanical device in the bottom of the lighter. The seal is broken and the gas from the cylinder is permitted to fill the container. We see no comparison to be made in the functions of supplying fuel to the two lighters.

"The snuffer cap on plaintiff's lighter is for the purpose of extinguishing the flame. The accused lighter has a cap similarly situated but it is not for the purpose of extinguishing the gas and flame. That gas is turned off solely by an actuating lever. The gas is turned on when the finger piece is depressed and turned off when the finger piece is released. The accused structure, as shown by demonstration, will operate without the presence of the cap. Plaintiff's lighter will not operate without the presence of the cap.

"We cannot agree with plaintiff that the accused structure, with the actuating lever for the gas fuel valve and the gas burner, is an addition to the combination patent of plaintiff. The actuating lever is a part of the gas burner. The gas burner has been substituted for the wick burner found in plaintiff's lighter. Gas passes through a small opening in the gas burner in the defendant's lighter, while liquid must be carried by a wick coming in contact with the liquid in the receptacle of plaintiff's burner.

"Plaintiff stressed a demonstration showing that when the cap of defendant's burner is operated in a normal way it will extinguish the gas flame. The weakness of this demonstration is that if the cap is depended upon to extinguish the flame the gas will continue to escape and in a few minutes the lighter would be useless. We see no useful comparison between the cap of defendant's lighter and the snuffer cap of plaintiff's lighter.

"Plaintiff argues that you could take the gas burner out of defendant's lighter and insert a wick and snuffer, and the result would be a duplication of plaintiff's lighter. But would it work? What becomes of the actuating lever? Into what would the wick be inserted? An entirely new device must be constructed to receive the wick and the snuffer. We do not think this comparison of any value in this case, even if plaintiff's conclusion were correct. Plaintiff does not claim you could insert the gas burner into plaintiff's lighter and have a working lighter. You cannot substitute as between the lighters the gas burner in plaintiff's patent and have an operative structure.

"In Miller v. Eagle Manufacturing Co., 151 U.S. 186, 208, 14 S.Ct. 310, 319, 38 L.Ed. 121, the Court says on this subject: 'The specific device described in and covered by the Wright patent could not be used in the appellants' combination, nor the appellants' spring in the appellee's combination. This interchangeability or noninterchangeability is an important test in determining the question of infringement.'

"It is our conclusion: first, the accused structure does not use all the elements of the plaintiff's combination patent, but omits a substantial element of the combination in the wick, snuffer and operation by liquid fuel of plaintiff's patent, and substitutes a substantially different element in the gas burner, the actuating lever to cut the gas on and off, and a fuel supply of butane gas; second, that the accused device, while doing substantially the same work as plaintiff's patent, namely producing a flame in a cigar lighter, does not accomplish the same result in substantially the same way. The result is accomplished in a substantially different way. The accused structure is therefore not the equivalent of plain-

tiff's lighter. To hold otherwise would be to broaden the claims of plaintiff's patent beyond the intent of plaintiff's patent at time it was filed, beyond the meaning of the language of the patent claims and beyond the right of plaintiff under the law.

"Plaintiff has failed to carry the burden of proof and show infringement by the accused structure."

Plaintiff's contentions may be stated as follows: That the trial court erred (1) in not holding that defendant's gas lighter embodied the substance of plaintiff's patent, (2) in not finding that the constituent parts of defendant's lighter were the substantial equivalents of the constituent parts of plaintiff's wick lighter, (3) that the finding that butane gas does not require air to ignite is erroneous and "is at the root of the finding of non-infringement," (4) that the finding that defendant was not intentionally copying plaintiff's patent is erroneous, (5) that the finding that defendant's fuel valve and its actuating lever are not features additional to plaintiff's patented combination, but are to be treated as parts of a different type burner—a gas burner—is erroneous, and (6) that the finding of "non-interchangeability of parts" as incompatible with infringement was induced by an erroneous view of the law.

In support of its charge that the trial court erred in holding that the component parts of defendant's gas lighter were not substantial equivalents of the constituent parts of plaintiff's wick lighter, defendant invokes the rule announced in Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1099.[1] It is not for us to commend or express agreement with expressions of the Supreme Court. We follow them. But we can with propriety and modest enthusiasm call attention to our observance also of the rule so ably announced in the majority opinion in the Linde case and heartily agreed to in the dissent, that "fraud is bad", "piracy is evil", and "stealing is reprehensible," when

1. Also cited were: Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 S.Ct. 444, 55 L.Ed. 527, and General Motors Corp. v. Kesling, 8 Cir., 164 F.2d 824.

applied to patents. Priebe & Sons Co. v. Hunt, 8 Cir., 188 F.2d 880. We are urged to extend under the doctrine of equivalents, as enunciated by the foregoing authorities, plaintiff's patent on the wick lighter to embrace the defendant's gas lighter.

The crux of the case is the breadth of plaintiff's patent. It was obtained in a crowded field. There were a number of lighters under patent when plaintiff's patent was obtained. It was issued and validated because it was a real advancement in the art. But it constituted a combination of old ideas. Its distinction and novelty lay primarily in the arrangement of its parts, its simplicity of operation, and its utility. It was a wick lighter and not a gas lighter. Resourcefulness of counsel can put no other face upon it. And by the very tenets by which plaintiff was entitled to and obtained its patent as an improvement in the art of wick lighters, plaintiff's patent and the claims thereof cannot be extended to include an entirely different type—a gas lighter. Plaintiff's and defendant's lighters are much more different than plaintiff's lighter is from earlier patented wick lighters. The incentive for invention and the objective of the patent laws would be destroyed by the extension of equivalents of a combination patent to embrace devices employing entirely different and distinctive elements in the accomplishment of the common objective. Plaintiff's patent is not broad enough to encompass defendant's lighter, and that is all that can be made of the opposing arguments.

■ The argument that the trial court's finding that "butane gas does not require air to ignite" is contrary to the evidence and is the basis of the holding of noninfringement, does not vitiate the fact as found that the devices are so dissimilar as to avoid infringement. That the art is crowded is apparent from Art Metal Works v. Abraham & Straus, supra. The permissible range of equivalents is therefore not broad. MacKay Radio & Telegraph Co. v. Radio Corp. of America, 306 U.S. 86, 618, 59 S.Ct. 427, 83 L.Ed. 506. For contrast see McDonough v. Johnson-Wentworth Co., 8 Cir., 30 F.2d 375. Upon the record before us, noninfringement is clear. Under the circumstances, infringement or noninfringement is not appreciably influenced by whether butane gas requires air to ignite. The same may be said, under the facts of this case, concerning the so-called finding that "non-interchangeability of parts is incompatible with infringement", or that defendant was not intentionally copying plaintiff's patent.

■■ If, as plaintiff contends, the different features of defendant's gas lighter were mere added features to plaintiff's patented lighter, such additions would not avoid infringement. McDonough v. Johnson-Wentworth Co., supra; Laclede Steel Co. v. Camp, 8 Cir., 121 F.2d 449. But we agree with the trial court that the evidence justifies the conclusion that the defendant's gas lighter was distinctly different and did not merely embody additions to plaintiff's patented lighter. "To sustain the charge of infringement the infringing device must be substantially identical with the one alleged to be infringed in (1) the result attained; (2) the means of attaining that result; and (3) the manner in which its different parts operate and co-operate to produce that result. If the devices are substantially different in either of these respects the charge of infringement is not sustained." Electric Protection Co. v. American Bank Protection Co., 8 Cir., 184 F. 916, 923; General Bronze Corp. v. Cupples Products Corp., 8 Cir., 189 F.2d 154, 159. Both the means of attaining the result and the manner of attaining the result are definitely different in these devices.

And, as plaintiff contends, if the defendant's lighter embodied the substance of plaintiff's invention and produced the same result in substantially the same way by substantially the same means, infringement would result. Graver Tank Co. v. Linde Air Products Co., supra; Packwood Mfg. Co. v. St. Louis Janitor Supply Co., 8 Cir., 115 F.2d 958. But, again, as has been heretofore pointed out, that is not the situation.

The record furnishes no adequate basis for concluding that the fact of noninfringement as found by the trial court is clearly erroneous. The judgment is therefore

Affirmed.